PIZÁ & GONZALEZ, PLAINTIFFS AND APPELLEES, *v.* RAMIS, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for Cancellation of Mortgage.

No. 1544.—Decided February 24, 1917.

APPEAL—FORECLOSURE—CANCELLATION OF MORTGAGE—ATTACHMENT.—An order refusing to set aside an order for the retention of a sum of money deposited in a summary foreclosure proceeding subject to the result of an ordinary action for the extinction and cancellation of the mortgage, is an order refusing to dissolve an attachment and therefore is appealable under subdivision 3 of section 295 of the Code of Civil Procedure, which allows an appeal from an order of the district court "annulling or refusing to annul an attachment," according to the Spanish text, or "dissolving or refusing to dissolve an attachment," according to the English text.

ID.—ID.—DEPOSIT OF AMOUNT OF DEBT—DELIVERY OF DEPOSIT TO MORTGAGEE.—An order refusing to authorize delivery to the foreclosing mortgagee, without security, of a sum of money retained in a summary foreclosure proceeding subject to the result of an ordinary action brought by the mortgagor against the mortgagee for the extinction and cancellation of the mortgage, conforms to the law as laid down in subdivision 3 of article 175 of the Regulations for the execution of the Mortgage Law; for by such delivery the mortgagee would receive the amount of the mortgage sought to be adjudged extinguished and the judgment which the mortgagor might obtain in his favor would serve no practical purpose. There are no grounds for applying section 1148 of the Civil Code to the present case.

The facts are stated in the opinion.
*Mr. Fernando Vázquez* for the appellant.
*Mr. Francisco González* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By reason of a summary foreclosure proceeding brought by Francisco Ramis against Pizá & González in the District Court of Humacao for the recovery of a mortgage credit of which the former was assignee, the said firm filed a complaint in the said court on March 4, 1916, against Francisco Ramis, praying that the mortgage assigned to Ramis be adjudged extinguished and that he be ordered to execute a deed of cancellation of the same.

On the said date, March 4, Pizá & González filed a motion based on article 175 of the Regulations for the execution of the Mortgage Law, praying the court to enter an order for the retention of all of the amount to be delivered to Ramis as a result of the foreclosure proceeding, which sum should remain subject to the result of the action. On March 6 the court sustained the said motion without requiring Pizá & González to furnish security, as it considered them adequately responsible financially. Thereupon Ramis moved the court to fix the security to be furnished by him for the purpose of obtaining the dissolution of the retention ordered, in conformity with the provision of clause 7 of subsection 3 of article 175 of the Regulations for the execution of the Mortgage Law, which motion the court granted, fixing the security at seven hundred dollars.

Subsequently, on March 10, without furnishing the security required, Ramis moved that the sum of seven hundred dollars retained by the order of the court be delivered to him, and after a hearing the said motion was overruled by an order of June 23, 1916, and the adverse party was notified accordingly on July 6 following.

From that order Ramis appealed.

The appellees raise the question of law as to whether the order of June 23, 1916, is appealable. We are of the opinion that it is inasmuch as it comes under subdivision 3 of section 295 of the Code of Civil Procedure, which grants the

right of appeal from an order of a district court "annulling or refusing to annul an attachment," according to the Spanish text, or "dissolving or refusing to dissolve an attachment," according to the English text.

The order under consideration refuses the dissolution of the retention of a sum of money held subject to the result of an action brought by Pizá & González against Francisco Ramis for the extinguishment and cancellation of a mortgage and, as such, is an order refusing to dissolve an attachment.

Entering upon a consideration of the said order by virtue of the appeal taken therefrom, we find that it conforms to law—that is, to article 175 of the Regulations for the execution of the Mortgage Law.

After prescribing that in a summary foreclosure proceeding all claims involving the nullity of the title or of the proceedings or the maturity, truth, extinction or amount of the debt, shall be heard in the proper plenary action, section 3 of the said article provides as follows:

"At the time the complaint is filed  *  *  *  or during the course of the proceedings, a demand may be made that the effectiveness of the judgment be secured by the retention of all or of a part of the amount to be delivered to the execution creditor  *  *  *. If the execution creditor should give security to the satisfaction of the judge for the amount which may be ordered retained to secure the effectiveness of the judgment in the declaratory action, the retention shall be dissolved. If the person applying for the adoption of this measure is known not to be sufficiently solvent, the judge must require him first to furnish sufficient guaranty to answer for the interest on account of delay and compensation for any other loss or damage which the creditor may be caused."

The ordinary action brought by Pizá & González against Francisco Ramis has for its object the extinguishment and cancellation of the mortgage credit sought to be recovered in the summary foreclosure proceeding brought by Ramis against Pizá & González. The delivery to Ramis of the money deposited by Pizá & González to prevent the sale of the mortgaged property would be a travesty upon the rights of Pizá

& González, for Ramis would thus receive the amount of a mortgage whose extinguishment is prayed for, and any judgment which Pizá & González might obtain in their favor would serve no practical purpose. Ramis himself must have so understood in moving the court to fix the security for obtaining the delivery of the money deposited by Pizá & González to prevent the sale of the property, which security he failed to furnish.

In the present appeal we need not consider whether the marshal should have proceeded to sell the property without accepting the deposit made by Pizá & González of the amount of the mortgage credit claimed by Ramis. The fact is that the deposit was made by Pizá & González and the court ordered that the amount deposited be retained subject to the result of the action for the extinguishment and cancellation of the mortgage credit. The proper disposition of that amount will be made when judgment is rendered in that action. For the time being it cannot be delivered to Ramis.

There are no reasons for applying section 1148 of the Civil Code to this case.

For the foregoing reasons the order appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.